IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

OHIO VALLEY HEALTH SERVICES &
EDUCATION CORPORATION HEALTH PLAN,
OHIO VALLEY HEALTH SERVICES &
EDUCATION CORPORATION DENTAL PLAN,
OHIO VALLEY HEALTH SERVICES &
EDUCATION CORPORATION,
OHIO VALLEY MEDICAL CENTER and
EAST OHIO REGIONAL HOSPITAL,

       Plaintiffs,

v.                          Civil Action No. 5:15CV65
                                       (STAMP)

MICHAEL D. RILEY, West Virginia
Insurance Commissioner,
WEST VIRGINIA OFFICES OF
THE INSURANCE COMMISSIONER
and HEALTH PLAN OF THE
UPPER OHIO VALLEY, INC.,

       Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING AS MOOT PLAINTIFFS' FIRST
MOTION TO DISMISS THE COUNTERCLAIM
AND GRANTING PLAINTIFFS' SECOND
MOTION TO DISMISS THE COUNTERCLAIM**

I.   Background[1]

Plaintiff Ohio Valley Health Services & Education Corporation

("OVHS&E") maintains two employee benefit plans, the Ohio Valley

Health Services & Education Corporation Health Plan and the Ohio

Valley Health Services & Education Corporation Dental Plan

(collectively, "OVHS&E Health and Dental Plans").  OVHS&E is the

---

[1]For a more thorough recitation of the facts, see this Court's
memorandum opinion and order denying defendants Michael D. Riley
and West Virginia Offices of the Insurance Commissioner's motion to
dismiss.  ECF No. 58.

parent corporation of the Ohio Valley Medical Center ("OVMC") and the East Ohio Regional Hospital ("EORH"). OVHS&E Health and Dental Plans entered into an Administrative Services Agreement ("ASO") with defendant The Health Plan of the Upper Ohio Valley, Inc. ("Upper Ohio Valley Health Plan") to provide third-party administrative services. Those services include paying claims approved and paid for by the OVHS&E Health and Dental Plans. The Upper Ohio Valley Health Plan has served as such an administrator since 1999.

Between January 2005 and April 2013, OVHS&E Health and Dental Plans ran short of funding. Because of the lack of funds, the OVHS&E Health and Dental Plans waited to approve claims for payment by the Upper Ohio Valley Health Plan until sufficient funds became available. Although approval for claims remained pending, Wheeling Hospital (and other service providers) nonetheless entered into Hospital Service Agreements with the Upper Ohio Valley Health Plan. Wheeling Hospital then filed an action under Civil Action 5:10CV67 ("Wheeling Hospital litigation"), wherein it sued OVHS&E, OVMC, EORH, and the Upper Ohio Valley Health Plan for attorney's fees and prejudgment interest concerning the pending and delayed payments. This Court ultimately dismissed Wheeling Hospital's claims against OVHS&E, OVMC, and EORH. The remaining defendant in the Wheeling Hospital litigation, Upper Ohio Valley Health Plan, entered into

arbitration with Wheeling Hospital. Ultimately, Wheeling Hospital and Upper Ohio Valley Health Plan reached a settlement.

The plaintiffs have now filed this civil action, wherein they seek declaratory relief and injunctive relief. ECF No. 1. Defendant Upper Ohio Valley Health Plan also filed a counterclaim, which is currently at issue and has been amended. ECF Nos. 9 and 21, respectively. In that amended counterclaim, Upper Ohio Valley Health Plan asserts five counterclaims. In Count I, it asserts a breach of contract claim against OVHS&E and OVHS&E Health and Dental Plans regarding the ASOs. Count II is a breach of contract and express indemnification claim against OVHS&E and OVHS&E Health and Dental Plans for failure to indemnify Upper Ohio Valley Health Plan for the settlement and costs of past litigation.[2] Under Count III, Upper Ohio Valley Health Plan alternatively pleads a claim of implied indemnification against OVHS&E and OVHS&E Health and Dental Plans. Count IV is a claim of unjust enrichment against OVMC and EORH regarding the ASOs and the settlement of past litigation. Under Count V, Upper Ohio Valley Health Plan alternatively asserts a claim of unjust enrichment against OVHS&E.

---

[2]The Upper Ohio Valley Health Plan seeks indemnification for its settlement and costs it paid in not only the Wheeling Hospital litigation, but also in a separate state court action (referred to by the parties as the "Wack litigation").

A.  <u>First Motion to Dismiss by Plaintiffs</u>

The plaintiffs OVHS&E, OVMC, and EORH filed a motion to
dismiss Upper Ohio Valley Health Plan's counterclaim ("first motion
to dismiss").  ECF No. 16.  It appears, however, that those
plaintiffs filed their first motion to dismiss as to Upper Ohio
Valley Health Plan's initial counterclaim.  ECF No. 9.  The Upper
Ohio Valley Health Plan has since amended its counterclaim.
Nonetheless, in their first motion to dismiss, OVHS&E, OVMC, and
EORH assert that they are not parties to the ASOs at issue.
Because of that, they argue that the Upper Ohio Valley Health
Plan's breach of contract counterclaim cannot prevail.  No response
or reply was filed to the first motion to dismiss.

B.  <u>Second Motion to Dismiss by Plaintiffs</u>

The plaintiffs later filed a second motion to dismiss the
amended counterclaim ("second motion to dismiss").  ECF No. 25.  In
their motion, the plaintiffs argue that the breach of contract
claim against OVHS&E and OVHS&E Health and Dental Plans (Count I)
should be dismissed because OVHS&E was not a party to the ASOs.
Even if the ASOs bound OVHS&E, they believe that the Upper Ohio
Valley Health Plan has inadequately pleaded its breach of contract
claim.  Next, the plaintiffs contend that the indemnification claim
against OVHS&E and the OVHS&E Health and Dental Plans (Count II)
should be dismissed because the ASOs expressly preclude
indemnification in this case.  The plaintiffs further assert that

those express provisions of the ASOs defeat the Upper Ohio Valley Health Plan's claims for implied indemnification (Count III) against OVHS&E and the OVHS&E Health and Dental Plans. As to Count III, OVHS&E and OVHS&E Health and Dental Plans believe that not only is implied indemnification inapplicable if the underlying claim is contractual, but that Upper Ohio Valley Health Plan also inadequately pleaded that claim. Finally, the plaintiffs argue that Counts IV and V, which are unjust enrichment against OVMC and EORH and unjust enrichment against OVHS&E (respectively), cannot proceed because (1) an express contract exists and (2) Upper Ohio Valley Health Plan has inadequately pleaded those claims.

The Upper Ohio Valley Health Plan filed a response in opposition. ECF No. 51. It first argues that OVHS&E is bound by the ASOs because it is a "Plan Sponsor." Upper Ohio Valley Health Plan also believes that OVHS&E is a "real party in interest" regarding the rights and obligations of the OVHS&E Health and Dental Plans. Therefore, the ASOs should legally bind OVHS&E. Regarding the indemnification provision, the Upper Ohio Valley Health Plan believes that such an interpretation is inconsistent with the ASOs. The Upper Ohio Valley Health Plan further argues that it has adequately pleaded all of its claims. The plaintiffs filed a reply, wherein they essentially reassert their previous arguments.

For the reasons set forth below, the plaintiffs' second motion
to dismiss the amended counterclaim (ECF No. 25) is GRANTED and the
first motion to dismiss the counterclaim (ECF No. 16) is DENIED AS
MOOT.

## II.  Applicable Law

In assessing a motion to dismiss for failure to state a claim
under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a
court must accept all well-pled facts contained in the complaint as
true.  Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d
250, 255 (4th Cir. 2009).  However, "legal conclusions, elements of
a cause of action, and bare assertions devoid of further factual
enhancement fail to constitute well-pled facts for Rule 12(b)(6)
purposes."  Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949
(2009)).   This  Court  also  declines  to  consider  "unwarranted
inferences,  unreasonable  conclusions,  or  arguments."   Wahi v.
Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir.
2009).

It has often been said that the purpose of a motion under Rule
12(b)(6) is to test the formal sufficiency of the statement of the
claim for relief; it is not a procedure for resolving a contest
about the facts or the merits of the case.  5B Charles Alan Wright
& Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed.
1998).  The Rule 12(b)(6) motion also must be distinguished from a
motion for summary judgment under Federal Rule of Civil Procedure

56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III.  Discussion

As discussed earlier, plaintiffs OVHS&E, OVMC, and EORH filed the first motion to dismiss regarding the Upper Ohio Valley Health Plan's initial counterclaim. Following that first motion, the Upper Ohio Valley Health Plan filed an amended counterclaim, to which the plaintiffs filed a second motion to dismiss. In

analyzing the parties' arguments, this Court will, when relevant, view them through the lens of assuming without deciding that ERISA does not preempt the Prompt Pay Act and indemnification claims.[3] This Court will address the first and second motions to dismiss in the order presented.

A. <u>First Motion to Dismiss</u>

The first motion to dismiss pertained to the Upper Ohio Valley Health Plan's initial counterclaim. Since that first motion to dismiss, however, the Upper Ohio Valley Health Plan has filed an amended counterclaim. Moreover, the parties have filed neither a response nor reply to that first motion. Because the initial counterclaim has been amended, and because the plaintiffs filed a second motion to dismiss, the first motion to dismiss (ECF No. 16) is DENIED AS MOOT.

---

[3]In their complaint, the plaintiffs seek a declaratory judgment that ERISA preempts the Prompt Pay Act and the Upper Ohio Valley Health Plan's request for indemnification. ECF No. 1. Those claims, however, are not sought against the defendants to the counterclaim. Therefore, the motions to dismiss the counterclaim are not the appropriate vehicle for this Court to rule upon the issue of preemption as such a ruling will affect the plaintiffs' requests for relief. Thus, at this time, this Court will assume without deciding that ERISA does not preempt the Prompt Pay Act or indemnification, and accordingly, defer formally ruling on that issue at this time.

B.  Second Motion to Dismiss

    1.   Count I: Breach of Contract Against OVHS&E and OVHS&E
        Health and Dental Plans

Under Count I of the amended counterclaim, the Upper Ohio Valley Health Plan asserts that OVHS&E and OVHS&E Health and Dental Plans breached the ASOs.  ECF No. 21.  That breach of contract counterclaim, however, must be dismissed for the reasons discussed below.

    a.   OVHS&E Is Not a Party to the ASOs

As to OVHS&E, the Upper Ohio Valley Health Plan believes that OVHS&E is bound by the ASOs, which OVHS&E allegedly breached.  That claim is somewhat suspect, however, because OVHS&E is not a party to the ASOs between the Upper Ohio Valley Health Plan and OVHS&E Health and Dental Plans.  It is well-settled that "[a] non-party to a contract cannot be sued for breach of that contract." A. Hak Indus. Services BV v. TechCorr USA, LLC, 2014 WL 7243191 at *12 (N.D. W. Va. Dec. 19, 2014); see also Herbal Care Sys. Inc. v. Plaza, 2009 WL 692338, at *2 (D. Ariz. Mar. 17, 2009); Brown v. Kinross Gold U.S.A., Inc., 531 F. Supp. 2d 1234, 1240 (D. Nev. 2008); Kelly v. TillotsonPearson, Inc., 840 F. Supp. 935, 944 (D.R.I. 1994); Hotel Aquarius, B.V. v. PRT Corp., 1992 WL 391264, at *6 (S.D.N.Y. Dec. 22, 1992).

Here, the ASOs are between Upper Ohio Valley Health Plan and OVHS&E Health and Dental Plans.  ECF No. 21 Exs. 1 and 2.  In

particular, the signature lines of each ASO ends with the following:

> IN WITNESS WHEREOF, the parties have executed this Agreement by signature of their duly authorized officers.
>
> OHIO VALLEY HEALTH SERVICES AND EDUCATION HEALTH PLAN
> BY:
> TITLE:
> DATE:
>
> THE OHIO HEALTH PLAN OF THE UPPER OHIO VALLEY, INC.
> BY:
> TITLE:
> DATE:

Id. at Ex. 1. The representatives of each party then signed and dated under their respective signature line. Id. The other ASO maintains identical language, but replaces the "Ohio Valley Health Services and Education Health Plan" with the "Ohio Valley Health Services and Education Dental Plan." Id. at Ex. 2. In both ASOs, OVHS&E is not listed under the signature lines. Furthermore, each ASO begins with the following: "THIS ADMINISTRATIVE SERVICES AGREEMENT . . . effective January 1, 2005 by and between Ohio Valley Health Services & Education Corporation Health Plan . . . and The Health Plan of the Upper Ohio Valley, Inc." Id. at Ex. 1. The second ASO uses identical language, but replaces "Ohio Valley Health Services & Education Corporation Health Plan" with "Ohio Valley Health Services & Education Corporation Dental Plan." Id. at Ex. 2. Therefore, at first glance, OVHS&E is not a party or signatory to the ASOs, and thus, is not bound by the ASOs.

The Upper Ohio Valley Health Plan, however, believes that OVHS&E must be bound for three primary reasons. First, the Upper Ohio Valley Health Plan states that the OVHS&E Health and Dental Plans are each a "mere stack of paper--everything they do, they do by and through" OVHS&E. This is allegedly further supported by the fact that OVHS&E operates as the "Plan Sponsor" for the OVHS&E Health and Dental Plans. Second, the signatory of the ASOs, James R. Stultz, also served as the Senior Vice President of Human Resources at OVHS&E. Third, OVHS&E is a "real party in interest," and as such, OVHS&E holds a significant pecuniary interest in this litigation. For those reasons, the Upper Ohio Valley Health Plan believes that OVHS&E must be considered a party to the ASOs. Those arguments, however, are slightly misplaced.

When reading and interpreting contract provisions, the court's purpose is to give full force and effect to the expressed or implied intentions of the contracting parties, if such can be discerned. Truong Xuan Truc v. United States, 212 Ct. Cl. 51, 66, 1976 WL 905 (1976) (quoting Massachusetts Port Auth. v. United States, 456 F.2d 782, 784, 197 Ct. Cl. 721, 726 (1972)); see also SCM Corp. v. United States, 675 F.2d 280, 283, 230 Ct. Cl. 199, 203 (1982); Honeywell Inc. v. United States, 661 F.2d 182, 186, 228 Ct. Cl. 591, 596 (1981); Dynamics Corp. of America v. United States, 389 F.2d 424, 429, 182 Ct. Cl. 62, 72 (1968). Moreover, West Virginia law provides that "a valid written agreement using plain

and unambiguous language is to be enforced according to its plain intent and should not be construed." Toppings v. Rainbow Homes, Inc., 490 S.E.2d 817, 822 (W. Va. 1997); see also Syl. Pt. 2, Orteza v. Monongalia County General Hospital, 318 S.E.2d 40 (1984); Syl. Pt. 1, Cotiga Development Co. v. United Fuel Gas Co., 128 S.E.2d 626 (W. Va. 1962). In determining that intent, a court "must view the instrument as a whole, attributing to each word its normal or customary meaning, unless some indication exists that the parties intended to use words in a special technical sense." Nat'l Cas. Co. v. Lockheed Martin Corp., 415 F. Supp. 2d 596, 601 (4th Cir. 2006); see Dan Ryan Builders, Inc. v. Nelson, 737 S.E.2d 550 (W. Va. 2012).

Although the Upper Ohio Valley Health Plan may think that the OVHS&E Health and Dental Plans are "mere stack[s]" of paper, the clear and unambiguous language of the ASOs does not support such an intent between the parties. Each ASO states that the OVHS&E Health and Dental Plans and the Upper Ohio Valley Health Plan "intend[] to be legally bound" under the terms of the ASOs. ECF No. 21 Exs. 1 and 2. The ASOs treat the OVHS&E Health and Dental Plans as separate entities to which the Upper Ohio Valley Health Plan agreed to contract, not as "mere stack[s]" of paper. West Virginia law provides that "a valid written agreement using plain and unambiguous language is to be enforced according to its plain intent and should not be construed." Toppings, 490 at 822. In

12

this case, the Court finds no reason to depart from such legal standard, and thus the ASOs must be enforced by their plain intent.

The same conclusion can be made as to the Upper Ohio Valley Health Plan's remaining arguments. Although OVHS&E is a Plan Sponsor of the OVHS&E Health and Dental Plans, the Upper Ohio Valley Health Plan's counterclaim is a breach of contract claim regarding the ASOs, to which OVHS&E is not a party. The argument as to Mr. Stultz's authority to bind OVHS&E is also slightly misguided. To the extent that Mr. Stultz could bind OVHS&E and the OVHS&E Health and Dental Plans, the ASOs clearly show that his signature was only on behalf of OVHS&E Health and Dental Plans. The Upper Ohio Valley Health Plan has not demonstrated how the signing of the ASOs on behalf OVHS&E Health and Dental Plans, which are legally distinct entities, is treated as also binding OVHS&E. See Carte Blanche (Singapore) Pte., Ltd. v. Diners Club Intern., Inc., 2 F.3d 24, 26 (2d Cir. 1993) ("Generally speaking, a parent corporation and its subsidiary are regarded as legally distinct entities and a contract under the corporate name of one is not treated as that of both."). Therefore, OVHS&E is treated as a legally distinct entity, and cannot be considered a party to the ASOs.

As to the claim that OVHS&E is a "real party in interest," such a claim is equally inapplicable. The "concept of a 'real party in interest' addresses a litigant's right to pursue an action

as a claimant." <u>Keesecker v. Bird</u>, 490 S.E.2d 754 (W. Va. 1997).

Phrased another way, the term "real party in interest" means that the "action must be brought by the person who, according to the governing substantive law, is entitled to enforce the right." Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1543 (3d ed) (citing <u>Curtis Lumber Co., Inc. v. Louisiana Pacific Corp.</u>, 618 F.3d 762, 771 (8th Cir. 2010) ("The function of this rule 'is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata.'"). Accordingly, it is clear that the Upper Ohio Valley Health Plan's argument does not apply. The plaintiffs are correct in pointing out that the concept of real party in interest creates no "basis for re-writing contracts to make them apply to parties that did not sign the agreements." ECF No. 57. Based on the law and record before this Court, the Upper Ohio Valley Health Plan's counterclaim against OVHS&E for breach of contract must be dismissed.

### b. Count I Is Inadequately Pleaded

Notwithstanding that OVHS&E is a non-party to the ASOs, the plaintiffs argue that the breach of contract claim (Count I) should be dismissed because the Upper Ohio Valley Health Plan inadequately pleaded such claim. In particular, the plaintiffs assert that the breach of contract claim fails to plead damages resulting from the alleged breach. The plaintiffs point out that Count I addresses a

failure to properly fund provider claims, but the Upper Ohio Valley Health Plan ultimately seeks reimbursement for settlement costs associated with the Wheeling Hospital and <u>Wack</u> litigation. The Upper Ohio Health Valley Plan believes that it essentially "subsidized" the delay in funding claims, and thus it has adequately pleaded damages. ECF No. 51.

In order to state a claim for breach of contract, West Virginia requires that the party allege the following elements: "the existence of a valid, enforceable contract, that the plaintiff has performed under the contract, that the defendant has breached or violated its duties or obligations under the contract, <u>and that the plaintiff has been injured as a result</u>." <u>Wince v. Easterbrooke Cellular Corp.</u>, 681 F. Supp. 2d 688, 693 (N.D. W. Va.) (emphasis in original). The "rule for damages as a result of a breach of contract is that recovery may be obtained for those damages which either arise naturally from the breach or may reasonably have been within the contemplation of the parties at the time they made the contract." <u>Desco Corp. v. Harry W. Trushel Const. Co.</u>, 413 S.E.2d 85, 89 (W. Va. 1991); Syl. Pt. 2, <u>Kentucky Friend Chicken of Morgantown, Inc. v. Sellaro</u>, 214 S.E.2d 823 (W. Va. 1975).

In Count I, the Upper Ohio Valley Health Plan asserts that OVHS&E and OVHS&E Health and Dental Plans breached the ASOs because they failed to properly fund the claims sought by providers. As a result, the Upper Ohio Valley Health Plan contends that it incurred

15

damages, and seeks the full value of "all settlements, damages, losses, expenses, attorney's fees, and all other expenditures" incurred. Based on the Upper Ohio Valley Health Plan's pleadings, the damages relate to the failure to fund the claims sought by providers. Upper Ohio Valley Health Plan later admits, however, that OVHS&E and OVHS&E Health and Dental Plans "ultimately did fund those claims." ECF No. 51. The plaintiffs correctly point out that the breach of contract claim in Count I seeks damages that "are not damages contractually recoverable from a failure to fund." ECF No. 57. The Upper Ohio Valley Health Plan is not claiming that the provider claims are still unfunded, and seeking funding for such claims. Rather, the Upper Ohio Valley Health Plan appears to seek damages related to indemnification for its prior settlement with Wheeling Hospital and the <u>Wack</u> litigation. Those damages do not arise from breaching the ASOs. As the Upper Ohio Valley Health Plan admitted, OVHS&E and OVHS&E Health and Dental Plans funded those claims. That means Count I of the counterclaim, which concerns an alleged failure to fund claims, is inadequately pleaded as to damages. Therefore, the Upper Ohio Valley Health Plan inadequately pleaded its breach of contract claim, and thus it must be dismissed.

     2.   <u>Count II: Breach of Contract/Express Indemnification Against OVHS&E and OVHS&E Health and Dental Plans</u>

Under Count II of its counterclaim, Upper Ohio Valley Health Plan claims that OVHS&E and OVHS&E Health and Dental Plans breached

16

the ASOs by failing to indemnify Upper Ohio Valley Health Plan for damages incurred in connection with the Wheeling Hospital and <u>Wack</u> litigation. The Upper Ohio Valley Health Plan, OVHS&E, and the OVHS&E Health and Dental Plans rely on different provisions within the ASOs in support for and against Count II. As will be discussed below, the ASOs clearly and unambiguously preclude the Upper Ohio Valley Health Plan's claim for express indemnification.

a. <u>OVHS&E Is Not Party to the ASOs</u>

This Court has ruled that OVHS&E is a non-party to the ASOs, and thus is not liable for the claims arising under the ASOs. Indeed, it is well-settled that "[a] non-party to a contract cannot be sued for breach of that contract." <u>TechCorr USA, LLC</u>, 2014 WL 7243191 at * 12. This Court finds no reason to depart from that ruling as to Count II of the counterclaim. Notwithstanding that ruling, this Court will turn to the parties remaining arguments regarding Count II.

b. <u>Plain Language of ASOs Precludes Indemnification</u>

The parties rely on specific sections of the ASOs that address indemnification. Part V.A. and V.B. of the ASOs, titled "Indemnification/Liability," state the following:

> A. To the extent not prohibited by applicable law, [Upper Ohio Valley Health Plan] agrees to indemnify, defend, and hold harmless [OVHS&E and OVHS&E Health and Dental Plans] from and against any and all actual and direct settlements, liabilities, judgments, obligations, losses, or fines, known or unknown, existing now or in the future which may be imposed by reason of any action, suit, or claim . . . resulting from or arising directly

17

as a result of a breach by [Upper Ohio Valley Health Plan] of its obligations under [the ASOs]. The foregoing indemnification shall apply whether [OVHS&E and OVHS&E Health and Dental Plans] or [Upper Ohio Valley Health Plan] defends such suit, claim or loss. The foregoing indemnification shall also apply whether the suit, claim or loss is caused solely by [Upper Ohio Valley Health Plan] or concurrently by [Upper Ohio Valley Health Plan] and others. This indemnity shall survive the termination of [the ASOs].

In performing its obligations under [the ASOs], [Upper Ohio Valley Health Plan] neither insures nor underwrites liability for health benefits, but acts only as the provider of the services described in [the ASOs]. Accordingly, [Upper Ohio Valley Health Plan] shall have no duty to indemnify [OVHS&E and OVHS&E Health and Dental Plans] for any benefits properly and legally payable by [Upper Ohio Valley Health Plan].

To the extent not prohibited by applicable law, [OVHS&E] agrees to indemnify, defend, and hold harmless [Upper Ohio Valley Health Plan] from and against any and all actual and direct settlements, liabilities, judgments, obligations, losses, or fines, known or unknown, existing now or in the future which may be imposed by reason of any action, suit or claim . . . resulting from or arising directly as a result of a breach by [OVHS&E and OVHS&E Health and Dental Plans] of [their] obligations under [the ASOs]. The foregoing indemnification shall apply whether [OVHS&E Health and Dental Plans] or [Upper Ohio Valley Health Plan] defends such suit, claim or loss. The foregoing indemnification shall also apply whether the suit, claim or loss is caused solely by [OVHS&E and OVHS&E Health and Dental Plans] or concurrently by [OVHS&E and OVHS&E Health and Dental Plans] and others. This indemnity shall survive the termination of [the ASOs].

**B.** **Network Provider Claims.** **[OVHS&E and OVHS&E Health and Dental Plans]** and Participants **shall have no liability** for claims or legal actions by network providers against **[Upper Ohio Valley Health Plan]** **arising from and/or involving those parties' contractual arrangements**.

ECF No. 1 Exs. B and C (emphasis added).[4]  The Upper Ohio Valley

Health Plan claims that ambiguity exists within the above-quoted

provisions of the ASOs.   It believes that Part A and Part B

contradict each other, or in the alternative that the past claims

by the providers should be considered "disputes arising from and/or

involving those parties' contractual agreements."   Whichever

reasoning may apply, the Upper Ohio Valley Health Plan contends

that the ASOs require OVHS&E and OVHS&E Health and Dental Plans to

indemnify it for the settlements reached in the Wheeling Hospital

and <u>Wack</u> litigation.

      Based on the language of the ASOs, this Court finds neither

ambiguity nor contradiction.    The language of the ASOs is

unambiguous, and its meaning is clear: Upper Ohio Valley Health

Plan's indemnification claim is precluded by the express language

of the ASOs as to OVHS&E Health and Dental Plans.    As stated

earlier, when reading and interpreting contract provisions, the

court's purpose is to give full force and effect to the expressed

or implied intentions of the contracting parties, if such can be

discerned.    <u>Truong Xuan Truc</u>, 212 Ct. Cl. at 66 (quoting

<u>Massachusetts Port Auth.</u>, 456 F.2d at 784).   West Virginia law

_____

[4]Although the ASOs refer to OVHS&E in Parts V.A. and V.B., the
express language throughout the ASOs consistently states that the
ASOS are between Upper Ohio Valley Health Plan and OVHS&E Health
and Dental Plans.   Further, the closing signature lines reaffirm
that the ASOs are between those parties.   Despite the few
references to OVHS&E, it is still not a party to the ASOs so as to
be legally bound by their terms.

states that "a valid written agreement using plain and unambiguous language is to be enforced according to its plain intent and should not be construed." <u>Toppings</u>, 490 S.E.2d at 822. Here, the Upper Ohio Valley Health Plan seeks indemnification related to its previous settlements, which involved claims by network providers. Those provider claims pertained to contracts between the providers and Upper Ohio Valley Health Plan. The plain and express language of the ASOs states that OVHS&E Health and Dental Plans "shall have no liability for claims or legal actions by network providers" against the Upper Ohio Valley Health Plan that arise from the contractual arrangements between the Upper Ohio Valley Health Plan and network providers. The Wheeling Hospital and <u>Wack</u> litigation pertained to network provider claims involving arrangements between those providers and the Upper Ohio Valley Health Plan. Therefore, Part V.B. of the ASOs comes into effect by disclaiming OVHS&E Health and Dental Plans from liability related to those past cases. Based on the clear and express language of the agreements, the ASOs clearly preclude the Upper Ohio Valley Health Plan's express indemnification claim as to OVHS&E Health and Dental Plans. Further, Upper Ohio Valley Health Plan cannot rely on the ASOs to justify an express indemnification claim against OVHS&E because OVHS&E is a non-party to the ASOs. Accordingly, Count II must be dismissed.

3.    Count III: Implied Indemnification Against OVHS&E and
      OVHS&E Health and Dental Plans

Count III asserts a claim for implied indemnification against

OVHS&E and the OVHS&E Health and Dental Plans.  OVHS&E and OVHS&E

Health and Dental Plans contend that because an express agreement,

here the ASOs, addresses the indemnification issue, no implied

contract or quasi-contract claims can proceed.  As will be

discussed below, not only does West Virginia law preclude such

claim against OVHS&E Health and Dental Plans, but the Upper Ohio

Valley Health Plan has also inadequately pleaded its claim against

OVHS&E and OVHS&E Health and Dental Plans.

     a.    The ASOs Preclude Implied Indemnification Against
           OVHS&E Health and Dental Plans

"An express contract and an implied contract, relating to the

same subject matter, cannot co-exist." Case v. Shepherd, 84 S.E.2d

140, 144 (W. Va. 1954); see Rosenbaum v. Price Const. Co., 184 S.E.

261, 263-64 (W. Va. 1936).  Phrased another way, quasi-contract

claims, like unjust enrichment or quantum meruit, are unavailable

when an express agreement exists because such claims only exist in

the absence of an agreement.  Wilson v. Stratosphere Corp., 371 F.

App'x 810, 811-12 (9th Cir. 2010); Sea Byte, Inc. v. Hudson Marine

Mgmt. Servs., Inc., 565 F.3d 1293, 1301 (11th Cir. 2009); Beth

Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey,

Inc., 448 F.3d 573, 586 (2d Cir. 2006) ("The existence of a valid

and enforceable written contract governing a particular subject

21

matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter. A "quasi contract" only applies in the absence of an express agreement, and is not really a contract at all, but rather a legal obligation imposed in order to prevent a party's unjust enrichment . . . . Briefly stated, a quasi-contractual obligation is one imposed by law **where there has been no agreement or expression of assent, by word or act, on the part of either party involved** . . .") (emphasis in original); <u>Karna v. BP Corp. N. Am.</u>, 11 F. Supp. 3d 809, 820 (S.D. Tex. 2014) ("[A] plaintiff cannot recover in <u>quantum meruit</u> when there is an express contract governing the goods or services at issue."); <u>Plesha v. Ferguson</u>, 725 F. Supp. 2d 106, 112 (D.D.C. 2010) ("Because both promissory estoppel and unjust enrichment presuppose that an express, enforceable contract is absent, District of Columbia courts generally prohibit litigants from asserting these claims when there is an express contract that governs the parties' conduct."); <u>Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP</u>, 440 F. Supp. 2d 1184, 1197 (D. Nev. 2006) ("An unjust enrichment claim is 'not available when there is an express, written contract, because no agreement can be implied when there is an express agreement.'"); <u>Integral Control Sys. Corp. v. Consol. Edison Co. of New York</u>, 990 F. Supp. 295, 303 (S.D.N.Y. 1998).

The equitable claim of implied indemnification is rooted in tort law and principles of restitution. <u>See</u> <u>Sydenstricker v.</u>

Unipunch Products, Inc., 288 S.E.2d 511, 515 (W. Va. 1982)(quoting Restatement of Rest. § 96) ("A person who, without personal fault, has become subject to **tort liability** for the unauthorized and wrongful conduct of another, is entitled to indemnity from the other for expenditures properly made in discharge of such liability.") (emphasis added). It may, depending on the circumstances, serve as an independent cause of action. Hill v. Joseph T. Ryerson & Son, Inc., 268 S.E.2d 296, 302 (W. Va. 1980). The Supreme Court of Appeals of West Virginia has defined implied indemnification as follows:

> Implied indemnification is an equitable remedy developed by the courts to address the unfairness which results when one defendant, who has committed no independent wrong, is held liable for the entire loss of a plaintiff while another entity, which may or may not be named as a defendant in the plaintiff's suit to establish liability, would be allowed to escape liability even though it actually caused or was responsible for causing the wrongdoing.

Harvest Capital v. W. Va. Dep't of Energy, 560 S.E.2d 509, 512 (W. Va. 2002). The United States Court of Appeals for the Fourth Circuit has also noted that "[a]lthough an implied right to indemnity may be read into some contracts, only **unique factors or a special relationship between the parties** gives rise to such a right." TransDulles Center, Inc. v. USX Corp., 976 F.2d 219, 228 (4th Cir. 1992). Such factors or relationship, however, apply to more generally recognized special relationships, such as shipbuilders and carriers. See, e.g., Maritime Overseas Corp. v.

23

Northeast Petroleum Industries, Inc., 706 F.2d 349, 353 (1st Cir. 1983); accord USX Corp., 976 F.2d at 228 (finding no special relationship or unique factors between a current and a former subdivision lessee).

With the above legal standard in mind, it is clear that the Upper Ohio Valley Health Plan may not proceed with its implied indemnity claim against OVHS&E Health and Dental Plans. In this case, the equitable claim of implied indemnity is traditionally rooted in tort law claims. More importantly, however, an express contract addresses the issue of indemnification. Here, the ASOs specifically state under Part V.B. that "[OVHS&E Health and Dental Plans] and Participants shall have no liability for claims or legal actions by network providers against [Upper Ohio Valley Health Plan] arising from and/or involving those parties' contractual arrangements." Further, no special relationship exists between the Upper Ohio Valley Health Plan and the plaintiffs such that the parties "intended that the would-be indemnitor bear the ultimate responsibility for the plaintiff's safety," or a "generally recognized special relationship," such as a shipbuilder and carrier. USX Corp., 976 F.2d at 228.

To the extent that the Upper Ohio Valley Health Plan asserts its claim against OVHS&E Health and Dental Plans under a theory of quasi-contract, such a claim cannot proceed. West Virginia law has made it explicitly clear that "[a]n express contract and an implied

contract, relating to the same subject matter, cannot co-exist."

Shepherd, 84 S.E.2d at 144.  The ASOs, as express contracts, specifically address indemnification, and preclude the Upper Ohio Valley Health Plan's recovery under Count III.  For that reason alone, the Upper Ohio Valley Health Plan's claim must be dismissed as to OVHS&E Health and Dental Plans.

      b.   <u>Count III Is Inadequately Pleaded</u>

Even if West Virginia law allowed the Upper Ohio Valley Health Plan's claim for implied indemnification to proceed, its claim is inadequately pleaded against OVHS&E and OVHS&E Health and Dental Plans.  To state a claim for implied indemnification, a party must allege the following:

> (1) an injury was sustained by a third party; (2) for which a putative indemnitee has become subject to liability because of a positive duty created by statute or common law, but whose independent actions did not contribute to the injury; and (3) for which a putative indemnitor should bear fault for causing because of the relationship the indemnitor and indemnitee share.

Harvest Capital, 560 S.E.2d at syl. pt. 4.  Moreover, a "putative indemnitee is not entitled to reimbursement of attorneys' fees and expenses under the theory of implied indemnification when it has not been established that an injury has been sustained by a third party for which a putative indemnitor bears fault or responsibility."  Id. at syl. pt. 5.

Comparing the above legal standard to the amended counterclaim shows that Upper Ohio Valley Health Plan has inadequately pleaded

its claim.  The Upper Ohio Valley Health Plan reached a settlement in its Wheeling Hospital and <u>Wack</u> litigation.  The Upper Ohio Valley Health Plan has not shown that anyone was subject to liability for the claims in those cases.  Without a finding or plausible allegation of liability, the implied indemnity claim is not adequately pleaded.  The inadequate pleading of its claim, coupled with the express terms of the ASO and West Virginia law, justify the dismissal of Upper Ohio Valley Health Plan's claim for implied indemnification.  Therefore, Count III must be dismissed.

4.  <u>Count IV: Unjust Enrichment Against OVMC and EORH</u>

In Count IV, Upper Ohio Valley Health Plan asserts a claim of unjust enrichment against OVMC and EORH.  More specifically, Upper Ohio Valley Health Plan contends that it "provided OVMC and EORH and their employees with administrative services related to" the OVHS&E Health and Dental Plans.  By providing those services under the ASOs, Upper Ohio Valley Health Plan believes that OVMC and EORH were unjustly enriched.

"Unjust enrichment of a person occurs when he has and retains money or benefits which in justice and equity belong to another." <u>Bright v. QSP, Inc.</u>, 20 F.3d 1300, 1306 (4th Cir. 1994) (quoting <u>Dunlap v. Hinkle</u>, 317 S.E.2d 508, 512 n.2 (W. Va. 1984)).  Further, the "benefit may be an interest in money, land, chattels, or chooses in action; beneficial services conferred; satisfaction of debt or duty owed by him; or anything which adds to his security or

advantage." Hinkle, 317 S.E.3d at 512 n.2 (quoting Commercial Fixtures & Furnishings, Inc. v. Adams, 564 P.2d 773, 776 (Utah 1977)). Upper Ohio Valley Health Plan's argument falls short for two primary reasons. First, to the extent that it contends it provided services to OVMC and EORH pursuant to the ASOs, such contention is without merit. OVMC and EORH were not parties to the ASOs. As the law makes clear, a non-party generally cannot be bound to an agreement, and this rule applies to OVMC and EORH in this case. Second, Upper Ohio Valley Health Plan also inadequately pleaded its claim. As stated above, "[u]njust enrichment of a person occurs when he has and retains money or benefits which in justice and equity belong to another." Dunlap, 317 S.E.2d at 512 n.2. Upper Ohio Valley Health Plan's unjust enrichment claim pertains to services rendered under the ASOs. However, it does not set forth what benefits OVMC and EORH unjustly received. For example, no allegations are made that Upper Ohio Valley Health Plan did not receive money for services rendered under the ASOs. Moreover, Upper Ohio Valley Health Plan admits that the claims by providers were funded. The only benefit that it claims OVMC and EORH unjustly received was avoiding the fees and costs associated with the settlement reached in the Wheeling Hospital and Wack litigation. That argument is without merit because that settlement concerned claims ultimately filed against Upper Ohio Valley Health Plan by providers. Upper Ohio Valley Health Plan has not pleaded

what benefit, if any, OVMC and EORH received. Moreover, OVMC and EORH were not parties to the ASOs. In accord with past rulings by the United States Court of Appeals for the Fourth Circuit, Upper Ohio Valley Health Plan "cannot recover on a theory of unjust enrichment for services it rendered under a valid contract with" the OVHS&E Health and Dental Plans, "even though the services provided a benefit to a third party," here OVMC and EORH, "with whom [Upper Ohio Valley Health Plan] had no contract." <u>Federal Sav. and Loan Ins. Corp. v. Quality Hotels and Resorts, Inc.</u>, 1991 WL 30211, at *4 (4th Cir. 1991). Therefore, Count IV must be dismissed.

     5. <u>Count V: Unjust Enrichment Against OVHS&E</u>

Under Count V of its amended counterclaim, Upper Ohio Valley Health Plan believes that OVHS&E was unjustly enriched. More specifically, Upper Ohio Valley Health Plan appears to argue that it conferred a benefit on OVHS&E by settling the claims in the Wheeling Hospital and <u>Wack</u> litigation. Upper Ohio Valley Health Plan also points to services rendered under the ASOs that allegedly resulted in the unjust enrichment of OVHS&E.

Count V, however, must be dismissed for two primary reasons. First, OVHS&E was not a party to the ASOs. It is well-settled that "[a] non-party to a contract cannot be sued for breach of that contract. <u>TechCorr USA, LLC</u>, 2014 WL 7243191 at *12. Here, the ASOs specifically address the services to be rendered and how the

parties, OVHS&E Health and Dental Plans and Upper Ohio Valley Health Plan, were bound by the ASOs. Those ASOs do not bind OVHS&E, which is a non-party. Second, Upper Ohio Valley Health Plan has inadequately pleaded its claim against OVHS&E. More specifically, Upper Ohio Valley Health Plan baldly asserts that OVHS&E was unjustly enriched by the benefit of not paying the fees and costs associated with Upper Ohio Valley Health Plan's previous settlements. That assertion, and nothing more, does not demonstrate how OVHS&E was unjustly enriched. That settlement related to claims between Upper Ohio Valley Health Plan and network providers. Further, as to any arguments about unfunded claims, Upper Ohio Valley Health Plan already admitted that those claims were funded. For those reasons, Count V cannot proceed, and therefore, the plaintiffs' second motion to dismiss the amended counterclaim is GRANTED.

## IV. <u>Conclusion</u>

For the reasons set forth above, the plaintiffs' first motion to dismiss the counterclaim (ECF No. 16) is DENIED AS MOOT. The plaintiffs' second motion to dismiss the amended counterclaim (ECF No. 25) is GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     December 10, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE